# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

RUBY B. RAYMOU,
    Plaintiff,

v.

CIVIL ACTION NO. 17-10894-MPK

BANK OF AMERICA CORP.,
    Defendant.

ORDER ON PLAINTIFF'S MOTIONS FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND FOR THE APPOINTMENT OF COUNSEL

KELLEY, U.S.M.J.

Plaintiff Ruby B. Raymou, who is proceeding *pro se*, brings this lawsuit in which she alleges that her former employer discriminated against her on the basis of her religion. A summons has not issued pending resolution of the filing fee.[1] Raymou has filed motions for leave to proceed *in forma pauperis* and for the appointment of counsel, both of which the Court denies without prejudice for the reasons stated below.

I.    Motion for Leave to Proceed *in Forma Pauperis*.

Under 28 U.S.C. § 1915, a person seeking to proceed *in forma pauperis* must submit an affidavit that includes "a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Raymou filed this statement (#2), using a form application provided by the Court. She indicates that her income is limited to unemployment compensation and that her assets are $1,300 in cash and an automobile worth less than $500. In the portions of the application in which the litigant is directed to report housing, transportation, utilities, loan payments, or other regular monthly expenses, Raymou wrote "NA."

---

[1]Further, if the Court allows the plaintiff to proceed *in forma pauperis*, the Court will conduct a preliminary screening of the complaint before a summons issues. *See* 28 U.S.C. § 1915(e)(2)(B).

She gave same response for the question requiring the applicant to report any debt or other financial obligations. In her subsequently-filed motion for counsel (#5), she reports that she has $30,000 in credit card debt.

Raymou's application does not provide the Court with an adequate understanding of her financial situation. She represents that she does not have any debts or financial obligations, yet in her motion for counsel she reports significant credit card debt. Further, Raymou indicates that she also does not have any monthly expenses. While the Court may speculate that she is receiving support from a family member or friend because she cannot provide for herself, the Court cannot grant the motion based on conjecture. Moreover, to the extent that she has access to the assets of her spouse, it is proper for the Court to consider the financial position of both persons in considering whether the plaintiff should be allowed to proceed *in forma pauperis*. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'" (quoting *Williams v. Spencer*, 455 F. Supp. 205, 208–09 (D. Md. 1978))); *cf. Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000) (where litigant's spouse denied him access to her assets, decision whether to grant indigent status must be based on litigant's financial status alone).

For these reasons, the Court will deny without prejudice the motion for leave to proceed *in forma pauperis*. If Raymou wishes to file a renewed motion for leave to proceed *in forma pauperis*, she must submit a completed longer form application which asks for the financial information of both the litigant and the litigant's spouse. The Court will provide this form to the plaintiff.

II.     Motion for Appointment of Counsel

Although the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel, see

*DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). The Court does not have the funds to pay attorneys to represent plaintiffs in civil cases, and it can be challenging for the Court to find attorneys who will accept appointment as *pro bono* counsel. To qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *See id.* at 23.

Because of the above-discussed ambiguities in Raymou's representations concerning her financial status, the Court cannot, at this time, determine whether she is financially eligible for the appointment of *pro bono* counsel. Further, because a summons has not issued and the defendant has not responded to the complaint, the Court cannot yet ascertain whether exceptional circumstances warranting the appointment of counsel exist.

III. Conclusion

Accordingly:

(1) The motion for leave to proceed *in forma pauperis* (#2) is DENIED WITHOUT PREJUDICE. If the plaintiff wishes to prosecute this action, she must, within twenty-one days, either (a) pay the $400 filing fee; or (b) file a renewed motion for leave to proceed *in forma pauperis* using the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (AO Form 239), and any other document or written information she deems to be relevant. The Clerk shall provide AO Form 239 to the plaintiff.[2] Failure to comply with this directive may result in dismissal of the action.

(2) The motion for appointment of counsel (#5) is DENIED WITHOUT PREJUDICE. The plaintiff may renew the motion after the defendant has been served with and responded to the complaint.

SO ORDERED.

                                             /s/ M. Page Kelly
                                             M. Page Kelley
August 4, 2017                           United States Magistrate Judge

---

[2] This form is also available in PDF fillable format at http://www.uscourts.gov/forms/fee-waiver-application-forms/application-proceed-district-court-without-prepaying-fees-or (last visited August 3, 2017).